1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  EDWIN WHITESPEAR,
                                    No. 2:06-cv-00335-MCE-KJM-P
12           Petitioner,

13      v.                               ORDER

14  TERESA A. SCHWARTZ, Warden,

15           Respondent.

16

17                         ----oo0oo----

18

19      State prisoners have two potential avenues to remedy

20  violations of their federal constitutional rights, a habeas

21  petition under 28 U.S.C. § 2254 and a civil suit under 42 U.S.C.

22  § 1983.  Osborne v. Dist. Attorney's Office for Third Dist., 423

23  F.3d 1050, 1053 (9th Cir. 2005), citing Heck v. Humphrey, 512

24  U.S. 477, 480 (1994).

25  ///

26  ///

                                  1

1    First, under § 2254, a prisoner may file a petition for writ of

2    habeas corpus challenging the underlying basis for detention

3    initiated through state court proceedings, on grounds that his or

4    her ongoing confinement violates the United States Constitution

5    or other federal laws.  Second, under § 1983, a prisoner may

6    protest the conditions of confinement, such as inadequate medical

7    care or inhumane treatment, on grounds that incarceration under

8    such conditions also runs afoul of federally guaranteed rights.

9    The objective of these two avenues of redress is markedly

10   different, since § 2254 challenges the basis of the state court

11   conviction in its entirety, whereas § 1983 takes issue only with

12   the terms under which an individual is confined and does not

13   reach the more fundamental question of whether a prisoner is

14   being wrongfully jailed in the first place.

15      On February 16, 2006, petitioner initiated this action,

16   through counsel, seeking a writ of habeas corpus under § 2254.

17   Hence petitioner explicitly sought to invalidate the entire basis

18   of his ongoing confinement in state prison.  The factual

19   background of the petition is as follows.  In 1982, petitioner

20   was sentenced to a prison term of fifteen-years-to-life, in the

21   state prison system operated by the California Department of

22   Corrections and Rehabilitation (CDCR), following his conviction

23   that year for second degree murder.  Petitioner's conviction

24   stemmed from a murder he committed during the course of a

25   residential burglary.

26   ///

1   When the victim returned home unexpectedly, petitioner proceeded

2   to subdue him by various means, including tying his hands

3   together.  Later, petitioner killed the victim by striking him on

4   the head with a cement block.

5       On February 10, 2005, after serving approximately twenty-

6   three (23) years in the CDCR, petitioner's eligibility for parole

7   was considered after being previously rejected on ten separate

8   occasions.  Pet. at 4-5.  At the conclusion of this eleventh

9   parole hearing, the hearing panel found that petitioner, then 69

10  years of age, was suitable for parole because he no longer posed

11  "an unreasonable risk of danger to society."  Pet. at 5-7.  In

12  June of 2005, however, Governor Arnold Schwarzenegger reversed

13  that finding on grounds that petitioner still posed an

14  unreasonable risk of danger to society given both the nature of

15  his crime and petitioner's extensive criminal history prior to

16  1982.

17      After three attempts to obtain his release through state

18  court habeas corpus proceedings, petitioner filed the present 28

19  U.S.C. § 2254 petition in the United States District Court for

20  the Eastern District of California on February 26, 2006.  His

21  federal habeas petition asserted the same constitutional

22  infirmities that had previously been both raised and rejected in

23  the California courts.

24  ///

25  ///

26  ///

3

On December 11, 2006, Magistrate Judge Kimberly J. Mueller[1] found that because petitioner might be entitled to release on parole, the CDCR had to respond to the allegations in his petition. Consequently, on February 9, 2007, the Attorney General for the State of California ("AG") responded to the habeas petition on behalf of the CDCR, asserting that Governor Schwarzenegger's decision to deny parole was in accord with the United States Constitution. Petitioner filed a reply to the AG's response on February 21, 2007. In a later supplement to that reply filed on March 21, 2007, counsel for petitioner advised the court that petitioner had been denied parole for a twelfth time on December 8, 2006, and provided citations for cases relevant to petitioner's claims.

On February 4, 2008, approximately ten and a half months after the filing of petitioner's supplemental reply, counsel for petitioner, Mr. Marc Grossman, filed a Notice of Death, informing the court as follows:

> Counsel for petitioner . . . regretfully notifies the court that [petitioner] died in prison on January 28, 2008. Approximately nine months earlier [petitioner] had been diagnosed by prison doctors as suffering from early cancer, which was confirmed by outside specialists who requested appropriate and timely treatment, which the prison medical staff steadfastly refused to administer or provide for until [petitioner's] death.

---

[1] The local rules of this court authorize the assigned magistrate judge, in this instance Judge Mueller, to handle cases brought by a person in custody under both § 2254 and § 1983. E.D. Local Rule 72-302(c)(17).

1
2
3
4
5
6
7
8
9

> The petition was filed two years ago on
> February 16, <u>2006</u>. Briefing was completed
> and the case was fully submitted one year ago
> on <u>February 21, 2007</u>. This is approximately
> the tenth death of a petitioner that has
> occurred during the delayed adjudication of
> such a petition which, counsel respectfully
> suggests poses a reprehensible waste of
> personal, legal and judicial resources and of
> human life, and a contravention of the speedy
> remedy of habeas corpus prescribed by the
> Rules and the Supreme Court. <u>Preiser v.
> Rodriquez</u>, 411 U.S. 475, 494-495 (1973); <u>Fay
> v. Noia</u>, 372 U.S. 391, 401-402 (1963); <u>Fierro
> v. Gomez</u>, 77 F.3d 301, 304 (9th Cir. 1996);
> <u>Graham v. Squier</u>, 132 F.2d 681, 682-683 (9th
> Cir. 1942).

10   In light of the record before the court, which is summarized

11 above, and the accusations of judicial mishandling both

12 explicitly and implicitly made in the foregoing Notice, the court

13 feels compelled to respond directly to the allegations levied by

14 Mr. Grossman.

15   As an initial matter, Mr. Grossman suggests that this court

16 is somehow at fault for petitioner's failure to receive adequate

17 medical care.  There are two fundamental problems with this

18 assertion.  First, the court was never informed either by

19 petitioner or his counsel that petitioner was in failing health

20 before it received the aforementioned February 4, 2008 Notice of

21 Death.  Second, and perhaps even more importantly, this court has

22 no jurisdiction in a 28 U.S.C. § 2254 habeas case to remedy

23 issues pertaining to proper medical care, which as stated above

24 relate to the conditions of petitioner's confinement rather than

25 to the constitutional propriety of the ongoing confinement

26 itself.

1   The only remedy the court can provide in a habeas case like this

2   one was release on parole if the court found Governor

3   Schwarzenegger's decision to deny petitioner parole to be

4   constitutionally flawed.  If either petitioner or his counsel

5   felt that the level of health care being provided by CDCR was

6   placing petitioner's life in jeopardy, petitioner or his counsel

7   could at any time have initiated an action under 42 U.S.C. § 1983

8   challenging the conditions of his confinement in that regard and

9   requested immediate injunctive relief.  No such action was

10  initiated before petitioner's death.

11       Mr. Grossman's February 4, 2008 Notice of Death also implies

12  that the court failed to act diligently in not resolving

13  petitioner's habeas petition sooner, particularly given the

14  medical issues faced by petitioner.  Any inference in that regard

15  is misplaced.  As stated above, this court was never given any

16  indication that petitioner was in failing health.  Mr. Grossman

17  could easily have informed the court of petitioner's health and

18  requested expedited consideration of his habeas petition; indeed,

19  he did just that in one of his other habeas cases on March 14,

20  2007.  See Jhanjar v. CDCR, CIV-F-06-0637-AWI-TAG.

21       Ironically, Mr. Grossman made his request in Jhanjar during

22  the very period of time he alleges that petitioner here was

23  diagnosed with cancer, and within a week of the time he filed a

24  supplemental notice in this case on March 21, 2007.

25  ///

26  ///

1  Had Mr. Grossman requested expedited treatment similar to that

2  sought in <u>Jhanjar</u>, the court could at least have considered

3  whether petitioner's habeas request should have been decided on

4  an expedited basis, and ahead of other pending cases, due to

5  petitioner's deteriorating health.  Mr. Grossman's failure to

6  either notify the court or request expedited handling deprived

7  the court of that opportunity.[2]  In addition, California Penal

8  Code § 1170 (e)(2) permits the state court to resentence

9  petitioner if it found that he suffered from an incurable

10 condition likely to result in death within six months, and if

11 petitioner would no longer be a threat to public safety under the

12 circumstances.  Mr. Grossman provides no indication that he

13 availed himself of that state court opportunity for relief on

14 behalf of his client, either.

15      Mr. Grossman further asserts that ten persons have died

16 while awaiting adjudication of their habeas petitions, and opines

17 that such circumstances constitute "a reprehensible waste of

18 personal, legal and judicial resources and of human life, and a

19 contravention of the speedy remedy of habeas corpus prescribed by

20 the Rules and the Supreme Court."

21 ///

22

23      [2] It must be emphasized that even had the court ruled on
   petitioner's § 2254 petition for habeas corpus, that ruling would
24 not have addressed the claim now being levied by petitioner's
   counsel that petitioner was receiving inadequate medical care
25 while in state prison.  That claim would have been the proper
   subject of a § 1983 claim which, as indicated above, was never
26 filed on petitioner's behalf.

                                7

Mr. Grossman fails, however, to offer any proof in support of his assertion that ten persons have died awaiting completion of federal habeas proceedings; nor does he provide any geographic or temporal boundaries for that sweeping assertion.  The undersigned is unaware that any other habeas petitioner with a claim pending in his court has died prior to adjudication of the petitioner's request.  Given that fact, and the unsubstantiated nature of Mr. Grossman's general claim that ten prisoners have in fact died, his reference to such information means little and appears nothing more than a transparent attempt to impugn the integrity of this court.

Finally, any suggestion that petitioner's case had been pending an inordinate amount of time prior to his death, and that he consequently was treated unfairly, is patently untrue. Resolution of a habeas case two years after filing or one year following submission is in no way extraordinary given the volume of such claims pending in this district.

In sum, while the court regrets that petitioner's writ of habeas corpus remained unresolved at the time of his death, Mr. Grossman himself made no effort to facilitate the process by advising the Court that Petitioner had a life threatening illness which could have entitled him to expedited relief.

It is, at best, blatantly unfair for Mr. Grossman to suggest that the court did not act diligently when Mr. Grossman, as petitioner's advocate, failed to bring the pertinent facts before the court's attention.

At worst, Mr. Grossman's Notice of Death represents a direct and unwarranted attempt to smear the operation of this court, and its process, without justification.

Because the relief authorized by 28 U.S.C. § 2254 can no longer be provided in this action, IT IS HEREBY ORDERED that the present action be dismissed.

Dated: February 29, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

9