IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN WHITESPEAR,

        Petitioner,

   v.

TERESA A. SCHWARTZ, Warden,

        Respondent.

No. 2:06-cv-00335-MCE-KJM

AMENDED ORDER[1]

----oo0oo----

State prisoners have two potential avenues to remedy violations of their federal constitutional rights, a habeas petition under 28 U.S.C. § 2254 and a civil suit under 42 U.S.C. § 1983. <u>Osborne v. Dist. Attorney's Office for Third Dist.</u>, 423 F.3d 1050, 1053 (9th Cir. 2005), citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 480 (1994).

---

[1] This Amended Order makes only minor changes to the Court's original February 29, 2008 Order and does not substantively alter the terms of that Order.

1

First, under § 2254, a prisoner may file a petition for writ of habeas corpus challenging the underlying basis for detention initiated through state court proceedings, on grounds that his or her ongoing confinement violates the United States Constitution or other federal laws.

Second, under § 1983, a prisoner may challenge the conditions of confinement, such as inadequate medical care or inhumane treatment, on grounds that incarceration under such conditions runs afoul of federally guaranteed rights.  The objective of these two avenues of redress is markedly different in that § 2254 challenges the basis of the state court conviction in its entirety, whereas § 1983 takes issue only with the terms under which an individual is confined and does not reach the more fundamental question of whether a prisoner is being wrongfully jailed in the first place.

On February 16, 2006, Petitioner Edwin Whitespear ("Petitioner") initiated this action, through counsel, seeking a writ of habeas corpus under § 2254.  By availing himself of relief through § 2254, Petitioner explicitly sought to invalidate the entire basis of his ongoing confinement in state prison.

The factual background of the instant Petition for Writ of Habeas Corpus is as follows.  In 1982, Petitioner was sentenced to a prison term of fifteen-years-to-life, in the state prison system operated by the California Department of Corrections and Rehabilitation (hereinafter "CDCR"), following his conviction that year for second degree murder.

1  Petitioner's conviction stemmed from a murder he committed
2 during the course of a residential burglary. During the
3 burglary, the victim returned home unexpectedly. Petitioner
4 attempted to subdue the victim by various means, which included
5 tying the victim's hands. Petitioner then killed the victim by
6 striking him on the head with a cement block.
7  On February 10, 2005, after serving approximately twenty-
8 three years in the CDCR, Petitioner's eligibility for parole was
9 considered after being previously rejected on ten separate
10 occasions. Pet. at 4-5. At the conclusion of this eleventh
11 parole hearing, the hearing panel found that Petitioner, then
12 sixty-nine years of age, was suitable for parole because he no
13 longer posed "an unreasonable risk of danger to society." Pet.
14 at 5-7. In June of 2005, however, Governor Arnold Schwarzenegger
15 reversed the panel's finding on grounds that Petitioner still
16 posed an unreasonable risk of danger to society given both the
17 nature of his crime and Petitioner's extensive criminal history
18 prior to 1982.
19  Following Governor Schwarzenegger's June 2005 decision,
20 Petitioner sought, unsuccessfully, to obtain his release through
21 state court habeas corpus proceedings. He then filed the present
22 28 U.S.C. § 2254 petition in the United States District Court for
23 the Eastern District of California on February 16, 2006. His
24 federal habeas petition asserted the same constitutional
25 infirmities that had previously been both raised and rejected in
26 the California courts.

3

On December 11, 2006, Magistrate Judge Kimberly J. Mueller[2] found that Petitioner might be entitled to release on parole, and ordered the CDCR to respond to the allegations in his petition. Consequently, on February 9, 2007, the Attorney General for the State of California ("AG") responded to the habeas petition on behalf of the CDCR, asserting that Governor Schwarzenegger's decision to deny parole was in accord with the United States Constitution. Petitioner filed a reply to the AG's response on February 21, 2007. In a later supplement to that reply filed on March 21, 2007, counsel for Petitioner advised the court that Petitioner had been denied parole for a twelfth time on December 8, 2006, and provided citations for cases relevant to Petitioner's claims.

On February 4, 2008, approximately ten and a half months after the filing of Petitioner's supplemental reply, counsel for Petitioner, Marc Grossman, filed a Notice of Death, informing the Court as follows:

> Counsel for [P]etitioner . . . regretfully notifies the court that [Petitioner] died in prison on January 28, 2008. Approximately nine months earlier [Petitioner] had been diagnosed by prison doctors as suffering from early cancer, which was confirmed by outside specialists who requested appropriate and timely treatment, which the prison medical staff steadfastly refused to administer or provide for until [Petitioner's] death.

---

[2] The Local Rules of this Court authorize the assigned magistrate judge, in this instance Judge Mueller, to handle cases brought by a person in custody under both § 2254 and § 1983. E.D. Local Rule 72-302(c)(17).

4

> The petition was filed two years ago on February 16, **2006**. Briefing was completed and the case was fully submitted one year ago on **February 21, 2007**. This is approximately the tenth death of a petitioner that has occurred during the delayed adjudication of such a petition which, counsel respectfully suggests poses a reprehensible waste of personal, legal and judicial resources and of human life, and a contravention of the speedy remedy of habeas corpus prescribed by the Rules and the Supreme Court. *Preiser v. Rodriguez*, 411 U.S. 475, 494-495 (1973); Fay v. Noia, 372 U.S. 391, 401-402 (1963); *Fierro v. Gomez*, 77 F.3d 301, 304 (9th Cir. 1996); *Graham v. Squier*, 132 F.2d 681, 682-683 (9th Cir. 1942).

(emphasis in original).

In light of the record before the Court as summarized above, and due to the gravity of the accusations of judicial mishandling both explicitly and implicitly made in the Notice of Death, the Court feels compelled to respond directly to each allegation levied by Mr. Grossman.

As an initial matter, Mr. Grossman suggests that this Court is somehow at fault for Petitioner's failure to receive adequate medical care. His assertion in that regard is misplaced for two reasons. First, the Court was not informed that Petitioner was suffering from life-threatening cancer until it received the February 4, 2008 Notice of Death. Second, and perhaps even more importantly, this Court has no jurisdiction, and therefore no power, in a § 2254 habeas case to remedy issues pertaining to proper medical care, which as stated above, relate to the conditions of Petitioner's confinement rather than to the constitutional propriety of the confinement itself.

5

1        The only remedy the Court could have provided in this case
2   was release on parole if the Court found that Governor
3   Schwarzenegger's decision denying Petitioner parole was
4   constitutionally flawed.  If either Petitioner or his counsel
5   felt that the level of health care being provided by CDCR was
6   placing Petitioner's life in jeopardy, Petitioner or his counsel
7   could, at any time, have initiated an action under 42 U.S.C.
8   § 1983 challenging the conditions of his confinement in that
9   regard and requested immediate injunctive relief.  No such action
10  was initiated before Petitioner's death.
11       Mr. Grossman's February 4, 2008 Notice of Death also implies
12  that the Court failed to act diligently in not resolving
13  Petitioner's habeas petition sooner, particularly given the
14  medical issues faced by Petitioner.  Any inference in that regard
15  is misplaced.  As stated above, this Court was never notified
16  that Petitioner was suffering from life-threatening cancer.
17  Mr. Grossman could easily have informed the Court of Petitioner's
18  health issues in that regard and requested immediate
19  consideration of his habeas petition. Indeed, Mr. Grossman
20  apparently knew what could have been done in this regard as he
21  filed just such a request to expedite proceedings in one of his
22  other habeas cases pending in the Eastern District of California
23  on March 14, 2007.  See Jhanjar v. CDCR, 1:06-cv-0637-AWI-TAG.
24  ///
25  ///
26  ///

6

1    Ironically, Mr. Grossman made the request in <u>Jhanjar</u> during
2 the same period of time he alleges that Petitioner here was
3 diagnosed with cancer, and within a week of the time he filed a
4 supplemental notice in this case on March 21, 2007.
5 Had Mr. Grossman requested expedited treatment similar to that
6 sought in <u>Jhanjar</u>, the Court could at least have considered
7 whether Petitioner's habeas request should have been decided on
8 an expedited basis, and ahead of other pending cases, due to
9 Petitioner's deteriorating health.  Mr. Grossman's failure to
10 either notify the Court or request expedited handling regrettably
11 deprived the Court of that opportunity.[3]
12    In addition, California Penal Code § 1170 (e)(2) permits the
13 state court to resentence petitioner if it found that he suffered
14 from an incurable condition likely to result in death within six
15 months, and if Petitioner would no longer be a threat to public
16 safety under the circumstances.  Mr. Grossman provides no
17 indication that he availed himself of that state court
18 opportunity for relief on behalf of his client, either.
19 ///
20 ///
21 ///

---

[3] It must be emphasized that even had the court ruled on Petitioner's § 2254 petition for habeas corpus, that ruling would not have addressed the claim now being levied by Petitioner's counsel that Petitioner was receiving inadequate medical care while in state prison.  That claim would have been the proper subject of a § 1983 claim which, as indicated above, was never filed on Petitioner's behalf.

7

Mr. Grossman further asserts that ten persons have died while awaiting adjudication of their habeas petitions, and opines that such circumstances constitute "a reprehensible waste of personal, legal and judicial resources and of human life, and a contravention of the speedy remedy of habeas corpus prescribed by the Rules and the Supreme Court." Mr. Grossman fails, however, to offer any proof in support of his assertion that ten persons have died awaiting completion of federal habeas proceedings; nor does he provide any factual context, nor any geographic or temporal boundaries, for that sweeping assertion.  The undersigned is not aware of any other habeas petitioner, with a claim pending in this Court, who died prior to the claim's adjudication under circumstances suggesting that a delay in adjudication contributed to the inmates's death.[4]  Given that fact, and the unsubstantiated and unqualified nature of Mr. Grossman's general claim that ten prisoners have died awaiting disposition of their cases, his allegation appears to be nothing more than a transparent attempt to impugn the integrity of this Court.

///
///
///

---

[4] The Court recognizes that prisoners with litigation pending under either § 1983 or § 2254 die in prison for any number or reasons, including old age or inmate violence.  The relevant issue before the Court in the instant case is not the fact of death itself, but rather whether the amount of time the petition was pending either caused or was somehow a contributing factor to Mr. Whitespear's demise.

8

1     Finally, any suggestion that the Court allowed Petitioner's
2 case to remain pending for an inordinate amount of time prior to
3 his death, and that Petitioner was therefore treated unfairly, is
4 patently untrue.  Resolution of a habeas case two years after
5 filing or one year following submission of the briefs is in no
6 way extraordinary given the volume of such claims pending in the
7 Eastern District of California.
8     In sum, while the Court regrets Petitioner's passing as well
9 as the fact that Petitioner's writ of habeas corpus remained
10 unresolved at the time of his death, Mr. Grossman made no effort
11 to facilitate the process by advising the Court that Petitioner
12 had a life threatening illness which could have entitled him to
13 expedited relief.
14     It is, at best, blatantly unfair for Mr. Grossman to suggest
15 that the Court did not act diligently when Mr. Grossman, as
16 Petitioner's advocate, failed to bring the pertinent facts before
17 the Court's attention.  At worst, Mr. Grossman's Notice of Death
18 represents a direct and unwarranted attempt to denigrate the
19 operation of this Court, and its process, without justification.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1  Because the relief authorized by 28 U.S.C. § 2254 can no
2  longer be provided in this action, IT IS HEREBY ORDERED that the
3  present action be dismissed.

Dated: March 5, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10